UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANDREW D. SOLORZANO,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>LOIS APPLEBY, et al.,  )<br>)<br>Defendants.  )<br>) | CIVIL ACTION<br>NO. 25-40051-MRG |

**ORDER**
July 24, 2025

**GUZMAN, D.J.**

*Pro se* plaintiff Anderw Solorzano ("Plaintiff") brings this action against Lois Appleby, Derek Appleby, and Renne Pacheco ("Defendants"), whom Plaintiff states "reside next door or are affiliated with the neighboring property." Compl. ¶ 7. This action concerns a dispute between the parties concerning the ownership trees that Defendants cut down. Plaintiff maintains that the trees were planted on his property. According to Plaintiff, the dispute between the parties escalated as Defendants installed surveillance cameras directed towards his home and filed multiple false police reports against him. Plaintiff alleges that Defendants still "regularly contact and use local police to harass Plaintiff, while the police and courts have consistently refused to investigate Plaintiff's complaints." *Id.* ¶ 17. Plaintiff brings claims for intentional infliction of emotional distress, invasion of privacy, abuse of process/malicious prosecution, and defamation.

The Court lacks jurisdiction over this matter. "Federal courts are courts of limited jurisdiction. They cannot act in the absence of subject matter jurisdiction, and they have a sua

sponte duty to confirm the existence of jurisdiction in the face of apparent jurisdictional defects." *United States v. Univ. of Mass. Worcester*, 812 F.3d 35, 44 (1st Cir. 2016).  Federal district courts may exercise original jurisdiction over civil actions arising under federal laws, *see* 28 U.S.C. § 1331 ("§ 1331"), and over certain actions in which the parties are of domiciled in different states and the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332 ("§ 1332").  In addition, where jurisdiction under § 1331 exists, the Court may, in its discretion, exercise supplemental jurisdiction over related state law claims that do not meet the jurisdictional requirements of § 1332.  *See* 28 U.S.C. § 1367

Here, subject matter jurisdiction under § 1331 or § 1332 does not exist.  Although Plaintiff states he is invoking the Court's jurisdiction under § 1331, *see* Compl. ¶ 4, Plaintiff does not identify, nor can the Court discern, a claim arising under federal law.  Claims for violations of constitutional rights committed by persons acting under color of state law may be asserted under 42 U.S.C. § 1983, but nothing in the complaint suggests that Defendants were acting as employees of a state or local government or were otherwise acting at the behest of the government.  Jurisdiction does not exist under § 1332 because Solorzano is domiciled in the same state as one or more of the defendants.

Accordingly, this action is DISMISSED without prejudice for lack of subject matter jurisdiction.  The motion for leave to proceed *in forma pauperis* shall be terminated as moot.

**So Ordered.**

                                                          /s/ Margaret R. Guzman
                                                         MARGARET R. GUZMAN
                                                         UNITED STATES DISTRICT JUDGE

Dated:  July 24, 2025